**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Filicia Shanell Griffin,**

**Plaintiff,**

**v.** **Case No.**

**Wells Fargo Bank, N.A.,**

**Defendant.**
_______________________________________/

# Complaint and Demand For Jury Trial

Plaintiff, **Filicia Shanell Griffin** ("Plaintiff"), through undersigned counsel, sues Defendant, **Wells Fargo Bank, N.A.** ("Defendant"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and appropriate equitable relief for race and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Florida Civil Rights Act of 1992 ("FCRA"), and 42 U.S.C. § 1981 ("Section 1981"). The Section 1981 claims concern race discrimination and retaliation for opposing race discrimination.

2. This Court has original jurisdiction over the federal claims under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), and supplemental jurisdiction over

the FCRA claims under 28 U.S.C. § 1367 because they arise from the same facts and form part of the same case or controversy.

3. Venue is proper in the Middle District of Florida, Tampa Division, under 42 U.S.C. § 2000e-5(f)(3) because the challenged employment practices occurred in Hillsborough County, Florida, where Plaintiff worked and would have continued working but for her termination.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is a national banking association conducting business in Florida, including Hillsborough County, and employed Plaintiff in Tampa, Florida.

## ADMINISTRATIVE EXHAUSTION AND GENERAL ALLEGATIONS

6. Plaintiff timely filed a verified charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 511-2025-03543, asserting race discrimination, sex discrimination, and retaliation. Plaintiff requested dual filing with the Florida Commission on Human Relations ("FCHR").

7. The EEOC dismissed the charge and issued a Determination and Notice of Rights. Plaintiff received the notice and brings her Title VII claims within 90 days after receipt.

8. More than 180 days have elapsed since the filing of Plaintiff's administrative charge. Plaintiff has satisfied the administrative prerequisites to bringing the FCRA claims under section 760.11, Florida Statutes.

9. At all relevant times, Plaintiff was Defendant's employee within the meaning of Title VII and the FCRA.

10. At all relevant times, Defendant was an employer engaged in an industry affecting commerce, employed at least 15 employees for each working day in at least 20 calendar weeks in the current or preceding calendar year, and was an employer within the meaning of Title VII and the FCRA.

11. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

12. Plaintiff has retained undersigned counsel to prosecute this action and seeks reasonable attorney's fees and costs as authorized by the applicable statutes.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant from approximately March 17, 2006, until Defendant terminated her employment on February 5, 2025.

14. By October 2022, Plaintiff was working in the Business Relationship Support Specialist role and reporting to Sarah Maltese. Plaintiff later reported to Elizabeth Hendry.

15. Plaintiff is a Black woman. Defendant knew Plaintiff's race and sex.

16. Plaintiff was qualified for her position and performed her job successfully. Before the disciplinary events at issue, she had no prior corrective actions.

17. In Plaintiff's 2023 year-end review, Maltese rated Plaintiff as meeting expectations and described her year as very successful. The review praised Plaintiff's partnerships, service, and contributions to the West Florida team.

18. The same review credited Plaintiff with helping onboard a new client and open more than 60 third-party accounts. It also rated her as meeting risk expectations and noted that she sought confirmation about policies and procedures.

19. Plaintiff's duties included customer onboarding and providing support to commercial relationship managers. She earned approximately $84,000 annually at the time of her termination.

20. Defendant subjected Plaintiff to unequal scrutiny and discipline because of her race and sex, including terminating her while retaining a White male coworker who also altered customer documentation.

21. Joshua Finlayson, a White male who led the account-opening review team, questioned Plaintiff about documentation associated with her prior work and escalated allegations that she had altered customer documents without authorization.

22. Plaintiff added account information in connection with onboarding Fairport Yacht accounts with the client's consent and pursuant to instructions from her former manager, Sarah Maltese.

23. The Fairport Yacht onboarding work involved a streamlined process to accommodate the client's account-opening needs. Plaintiff performed that work with the knowledge and involvement of Maltese and Relationship Manager Claire Enick.

24. Following Finlayson's accusation, Plaintiff received a verbal warning through Hendry. The challenged scrutiny and discipline culminated in Plaintiff's termination.

25. Plaintiff understood the challenged onboarding process to be authorized by management, not an attempt to falsify customer records. The process involved obtaining signed forms and then entering account numbers with the client's knowledge and approval.

26. Nicholas Anderson, a White male coworker, altered a signed customer document but received a written warning rather than termination and retained his employment.

27. Both Plaintiff and Anderson performed work involving customer documentation and were subject to Defendant's rules governing alterations to

signed customer documents. Defendant treated Plaintiff more harshly for the alleged document alterations.

28. Defendant acknowledged that Anderson removed a customer's business name from a Letter of Credit form after receiving guidance from another team and that he disclosed the alteration. Defendant credited Anderson's reliance on that guidance in distinguishing his conduct from Plaintiff's. Plaintiff likewise relied on management instructions for the challenged work, but Defendant terminated her rather than imposing the lesser discipline it imposed on Anderson.

29. During her employment, Finlayson made discriminatory comments concerning Plaintiff's race and sex. Plaintiff opposed the discriminatory treatment.

30. In late 2024, Plaintiff complained to Hendry about Finlayson's discriminatory conduct and unequal treatment. Plaintiff provided Hendry a screenshot of a Microsoft Teams conversation with Finlayson. Hendry was therefore aware of Plaintiff's complaint before Plaintiff's termination.

31. After Plaintiff complained about Finlayson's conduct, his allegations concerning her prior account-opening work resulted in an internal investigation.

32. Plaintiff learned of the investigation on January 17, 2025. By January 19, 2025, she submitted a written response and supporting documentation explaining the onboarding process and her reliance on management instructions.

33. Plaintiff's prompt submission supplied Defendant with her explanation before it decided to terminate her. Defendant nevertheless characterized the challenged work as falsification and her explanations as dishonest.

34. On February 5, 2025, after Plaintiff's complaints and the ensuing investigation, Defendant terminated Plaintiff's employment.

35. Hendry participated in the termination decision in consultation with Rich Zerkowski and Employee Relations. Hendry had received Plaintiff's complaint about Finlayson before participating in that decision.

36. Defendant attributed Plaintiff's termination to alleged falsification of customer documents and alleged dishonesty during the investigation. Plaintiff disputes Defendant's characterization of her conduct and its stated justification for terminating her.

37. Defendant maintained policies prohibiting discrimination and retaliation. Nevertheless, Defendant intentionally subjected Plaintiff to discriminatory and retaliatory treatment with malice or reckless indifference to her protected rights.

38. The disparate treatment of Anderson, Plaintiff's favorable performance history, her reliance on management instructions, her prompt response to the investigation, and the sequence of her complaints and termination support an

inference that Defendant's stated reasons were pretext for discrimination and retaliation.

39. As a result of Defendant's actions, Plaintiff lost wages and employment benefits and experienced emotional distress, mental anguish, and loss of dignity.

## COUNT I – FCRA VIOLATION (RACE DISCRIMINATION)

41. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

42. Plaintiff is Black and was qualified for her position.

43. Defendant intentionally discriminated against Plaintiff because of her race by imposing harsher discipline and terminating her employment while retaining Anderson, a White coworker who also altered signed customer documentation, in violation of section 760.10(1)(a), Florida Statutes.

44. Plaintiff's race was a motivating factor in Defendant's decision to terminate her, and Defendant's stated reasons were pretextual.

45. As a direct and proximate result of Defendant's race discrimination, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for race discrimination under FCRA;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under section 760.11(5), Florida Statutes;

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

**COUNT II – FCRA VIOLATION (SEX DISCRIMINATION)**

46. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

47. Plaintiff is female and was qualified for her position.

48. Defendant intentionally discriminated against Plaintiff because of her sex by imposing harsher discipline and terminating her employment while retaining

Anderson, a male coworker who also altered signed customer documentation, in violation of section 760.10(1)(a), Florida Statutes.

49. Plaintiff's sex was a motivating factor in Defendant's decision to terminate her, and Defendant's stated reasons were pretextual.

50. As a direct and proximate result of Defendant's sex discrimination, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for sex discrimination under FCRA;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under section 760.11(5), Florida Statutes;

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

## COUNT III – FCRA RETALIATION

51. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

52. Plaintiff engaged in protected opposition by complaining to Hendry about discriminatory conduct and unequal treatment based on race and sex. Plaintiff had a good-faith, objectively reasonable belief that the conduct she opposed was unlawful.

53. Hendry knew of Plaintiff's protected complaints and participated in Defendant's decision to terminate Plaintiff. Defendant terminated Plaintiff because she opposed discrimination, in violation of section 760.10(7), Florida Statutes.

54. Plaintiff's protected opposition was a but-for cause of her termination. Absent that opposition, Defendant would not have terminated her employment. The termination would dissuade a reasonable employee from opposing discrimination.

55. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for retaliation under FCRA;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under section 760.11(5), Florida Statutes;

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

## COUNT IV — TITLE VII VIOLATIONS (RACE DISCRIMINATION)

56. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

57. Plaintiff is Black and was qualified for her position.

58. Defendant intentionally discriminated against Plaintiff because of her race by imposing harsher discipline and terminating her employment while retaining Anderson, a White coworker who also altered signed customer documentation, in violation of 42 U.S.C. § 2000e-2(a)(1).

59. Plaintiff's race was a motivating factor in her termination, even if other factors also motivated Defendant. Defendant's stated reasons were pretextual.

60. As a direct and proximate result of Defendant's race discrimination, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for race discrimination under Title VII;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under 42 U.S.C. § 2000e-5(k);

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

**COUNT V — TITLE VII VIOLATIONS**
**(SEX DISCRIMINATION)**

61. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

62. Plaintiff is female and was qualified for her position.

63. Defendant intentionally discriminated against Plaintiff because of her sex by imposing harsher discipline and terminating her employment while retaining Anderson, a male coworker who also altered signed customer documentation, in violation of 42 U.S.C. § 2000e-2(a)(1).

64. Plaintiff's sex was a motivating factor in her termination, even if other factors also motivated Defendant. Defendant's stated reasons were pretextual.

65. As a direct and proximate result of Defendant's sex discrimination, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for sex discrimination under Title VII;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under 42 U.S.C. § 2000e-5(k);

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

## COUNT VI—TITLE VII VIOLATION (RETALIATION)

66. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

67. Plaintiff engaged in protected opposition by complaining to Hendry about discriminatory conduct and unequal treatment based on race and sex. Plaintiff had a good-faith, objectively reasonable belief that the conduct she opposed was unlawful.

68. Hendry knew of Plaintiff's protected complaints before participating in Defendant's termination decision.

69. Defendant terminated Plaintiff because she opposed discrimination, in violation of 42 U.S.C. § 2000e-3(a). Her protected opposition was a but-for cause of the termination; absent that opposition, Defendant would not have terminated her employment.

70. The termination was materially adverse and would dissuade a reasonable employee from opposing discrimination.

71. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for retaliation under Title VII;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under 42 U.S.C. § 2000e-5(k);

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

## COUNT VII —VIOLATION of 42 U.S.C. § 1981 (RACE DISCRIMINATION)

72. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

73. Plaintiff is Black and had an employment relationship with Defendant in which she provided services in exchange for wages and benefits. This contractual relationship was protected by Section 1981.

74. Plaintiff was qualified for her position and entitled to enjoy the benefits, privileges, terms, and conditions of her employment relationship without race discrimination.

75. Defendant intentionally impaired Plaintiff's right to perform and enjoy her employment relationship on equal terms by imposing discriminatory discipline and terminating her employment because of her race, while retaining Anderson, a White coworker who also altered signed customer documentation.

76. Plaintiff's race was a but-for cause of the discriminatory termination. Had Plaintiff not been Black, Defendant would not have terminated her employment under the circumstances described above.

77. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

78. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for race discrimination under Section 1981;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under 42 U.S.C. § 1988;

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

## COUNT VIII — RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

79. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

80. Plaintiff's employment relationship with Defendant, including its benefits, terms, and conditions, was protected by Section 1981.

81. Plaintiff engaged in protected opposition by complaining to Hendry about race discrimination and racially unequal treatment affecting her employment. Plaintiff had a good-faith, objectively reasonable belief that she was opposing unlawful race discrimination.

82. Hendry knew of Plaintiff's opposition to race discrimination before participating in Defendant's termination decision.

83. Defendant terminated Plaintiff because she opposed race discrimination affecting her employment relationship, in violation of Section 1981.

84. Plaintiff's protected opposition to race discrimination was a but-for cause of her termination. Absent that opposition, Defendant would not have terminated her employment.

85. The termination was materially adverse and would dissuade a reasonable employee from opposing race discrimination.

86. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

87. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, and loss of dignity.

**WHEREFORE**, Plaintiff requests judgment against Defendant for retaliation under Section 1981;

(a) back pay and lost benefits, less applicable interim earnings;

(b) reinstatement or, if reinstatement is not feasible, front pay in lieu of reinstatement;

(c) compensatory damages for emotional distress, mental anguish, and loss of dignity;

(d) punitive damages to the extent authorized by law;

(e) prejudgment interest on back pay and other amounts as permitted by law;

(f) reasonable attorney's fees and costs under 42 U.S.C. § 1988;

(g) appropriate equitable relief directed to remedying Plaintiff's injuries;

(h) and such other relief as the Court deems just. Plaintiff seeks no duplicative recovery for the same injury.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 16th day of November 2026

Respectfully submitted,

*s/ Samuel Doxsee*

**SAMUEL DOXSEE**
Florida Bar Number: 127318
LEAD COUNSEL
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**